*E-Filed 6/27/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DARRYL B. SMITH,

          Petitioner,

   v.

RALPH M. DIAZ, Warden,

          Respondent.

_____/

No. C 12-5890 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2012, petitioner, pursuant to a plea agreement, pleaded guilty in the San Francisco County Superior Court to a charge of second degree robbery, and admitted to having one prior strike and three prior prison terms. He received a sentence of 13 years in state prison, and did not appeal his conviction. His sole challenge in state court to his conviction was a habeas petition to the state supreme court, which summarily denied the petition. (Ans., Ex.

United States District Court
For the Northern District of California

I.)  Petitioner filed the instant federal habeas action after being denied relief on state habeas review.  As grounds for federal habeas relief, petitioner claims that (1) defense counsel rendered ineffective assistance; and (2) his mental illness rendered his plea constitutionally invalid.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* § 2254(d).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively

1    unreasonable." *Id*. at 409.

2                                    **DISCUSSION**

3    **I.     Assistance of Counsel**

4           After a defendant has entered a plea of guilty, the only challenges left open on federal

5    habeas corpus review concern the voluntary and intelligent character of the plea and the

6    adequacy of the advice of counsel.[1]  Where, as here, a petitioner is challenging his guilty

7    plea, he must show (1) his "'counsel's representation fell below an objective standard of

8    reasonableness,'" and (2) "'there is a reasonable probability that, but for [his] counsel's

9    errors, he would not have pleaded guilty and would have insisted on going to trial.'"

10   *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S.

11   52, 56–57).

12          Under the first prong of *Womack*, a petitioner must establish that defense counsel's

13   performance fell below an "objective standard of reasonableness" under prevailing

14   professional norms, *Strickland v. Washington*, 466 U.S. 668, 687–68 (1984), "not whether it

15   deviated from best practices or most common custom," *Harrington v. Richter*, 131 S. Ct.

16   770, 788 (2011) (citing *Strickland*, 466 U.S. at 690).  "A court considering a claim of

17   ineffective assistance must apply a 'strong presumption' that counsel's representation was

18   within the 'wide range' of reasonable professional assistance."  *Id.* at 787 (quoting

19   *Strickland*, 466 U.S. at 689).  Overall, "the standard for judging counsel's representation is a

20   most deferential one."  *Id.* at 788.

21          As to the second *Womack* prong, a reasonable probability is a probability sufficient to

22   undermine confidence in the outcome.  *Id.*  "The likelihood of a different result must be

23   substantial, not just conceivable."  *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011) (citing

24   _____

25          [1] There are exceptions to this general bar.  For example, a defendant who pleads guilty
     still may raise in habeas corpus proceedings the very power of the state to bring him into court
26   to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983)
     (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see*
27   *id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

28

1  *Strickland*, 466 U.S. at 693).

2      Petitioner alleges that defense counsel rendered ineffective assistance by failing "to

3  represent him when he gave the trial court judge petitioner's medical records." (Pet. at 8.)

4  Counsel, he alleges, failed to tell the trial court that petitioner suffers from "serious mental

5  and emotional problems that need to be addressed by a psychiatric evaluation to determine if

6  petitioner was competent to stand trial." (*Id.*)  The state supreme court summarily denied

7  these claims. (Ans., Ex. I.)

8      Habeas relief is not warranted here.  Petitioner fails to show that defense counsel

9  rendered ineffective assistance.  He fails to specify what emotional and mental problems he

10  suffers from, how and to what extent those problems directly affected his mental state, and

11  that such problems were sufficiently evident that counsel should have noticed them and

12  brought them to the court's attention.  Failure to identify such information is a failure to

13  show that trial counsel's performance was deficient, or that the alleged deficiency resulted in

14  prejudice, the necessary showing to sustain an ineffective assistance claim.  *See Gallego v.*

15  *McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997).

16      Also, petitioner stated under oath that his decision to enter a plea resulted from

17  sufficiently long discussions with his trial counsel about the nature, elements of, defenses to,

18  and consequences of pleading to, the charges.  (Ans., Ex. E at 2–6.)  When asked whether he

19  understood the specifics of the charges and whether he understood that he was waiving his

20  trial rights, petitioner clearly answered in the affirmative.  (*Id.* at 5–6.)  Such assertions at the

21  plea hearing carry great significance:

22      [T]he representations of the defendant, his lawyer, and the prosecutor at [ ] a
       [plea] hearing, as well as any findings made by the judge accepting the plea,
23      constitute a formidable barrier in any subsequent collateral proceedings.
       Solemn declarations in open court carry a strong presumption of verity.  The
24      subsequent presentation of conclusory allegations unsupported by specifics is
       subject to summary dismissal, as are contentions that in the face of the record
25      are wholly incredible.

26  *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (citations omitted).

27

28

No. C 12-5890 RS (PR)
ORDER DENYING PETITION

The record also shows that he was clear-headed through all other proceedings.  Put another way, nothing in the record (e.g., transcripts of court proceedings, notes from presentence reports) gives any indication that petitioner was in any way mentally impaired, or that he did not understand the nature of the proceedings.[2]  For example, he asked an appropriate, detailed clarifying question at the end of the proceedings.  (Ans., Ex. E at 9.)  When asked to describe the commitment offense, petitioner told a presentence probation officer "I did it.  I should have handled it differently.  They owed me $250.  I should have took [*sic*] the loss."  (*Id.*, Ex. G at 4.)  Also, petitioner's criminal history belies his assertions that he did not understand his rights or how to exercise them.  He had, in fact, in the same court one year before, pleaded guilty to a felony.  (*Id.*, Ex. H at 1.)

In sum, petitioner fails to substantiate his claim that his plea was involuntary and unknowing in regard to these factors in a manner sufficient to overcome the "presumption of verity" attached to the plea hearing record.  He fails to establish that any of the alleged errors made by counsel are attributable to counsel's unreasonable conduct, nor does he show that but for that conduct there is a reasonable possibility petitioner would have gone to trial.  The state court's decision was reasonable and therefore is entitled to AEDPA deference.  Accordingly, petitioner's claim is DENIED.

**II.    Mental Illness**

This same record and reasoning defeats petitioner's claim that his plea was not knowing and voluntary.  Petitioner has failed to identify with any specificity the nature and extent of his alleged mental illnesses, and how those illnesses rendered his plea entry unknowing and involuntary.  He has not overcome the presumption of verity attached to his assertions at his plea entry hearing.

---

[2] This same reasoning defeats petitioner's claim that the trial court should have held a competency hearing or had reason to doubt petitioner's competence.

No. C 12-5890 RS (PR)
ORDER DENYING PETITION

1   The record also defeats his claim that not being on medication rendered him unable to

2   enter a plea knowingly and voluntarily.  Nothing in the transcript shows mental impairment

3   of any kind.  Also, as discussed below, he admitted that he was receiving medications while

4   in custody.

5   Petitioner told a presentence probation officer that he had been diagnosed "as

6   paranoid schizophrenic and bipolar in Michigan in 2009." (Ans., Ex. G at 6.)  He stated that

7   in Michigan he had been prescribed medications, but ran out in January 2012, and that he

8   was receiving one of these medications, Elavil, while in custody.  (*Id.*)  Yet, this information

9   does not appear in petitioner's filings, nor has he shown that his mental conditions rendered

10  him unable to assist in his own defense or to understand the nature of the proceedings or the

11  consequences of pleading guilty.  Furthermore, even if his claim was sufficiently detailed,

12  the records of the proceedings would not support it.  The state court's denial of his claim was

13  reasonable, and therefore is entitled to AEDPA deference.  Accordingly, this claim is

14  DENIED.

**CONCLUSION**

16  The state court's denial of petitioner's claims did not result in a decision that was

17  contrary to, or involved an unreasonable application of, clearly established federal law, nor

18  did it result in a decision that was based on an unreasonable determination of the facts in

19  light of the evidence presented in the state court proceeding.  Accordingly, the petition is

20  DENIED.

21  A certificate of appealability will not issue.  Reasonable jurists would not "find the

22  district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

23  *McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from

24  the Ninth Circuit Court of Appeals.

25  //

26  //

27  //

28

Petitioner's motion for a stay (Docket No. 22) is DENIED because he fails to show good cause.  He asserts that he has discovered new claims and new evidence, and asks to stay proceedings so that he can exhaust these new claims in state court.  He fails to specify, however, what these new claims are and what this new evidence is.  The Clerk shall terminate Docket No. 22, enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED:  June 27, 2014

RICHARD SEEBORG
United States District Judge

No. C 12-5890 RS (PR)
ORDER DENYING PETITION